**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50071 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-04340-GPC-1 |
| v. | |
| MARIA LUISA LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted December 18, 2013[**]

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

Maria Luisa Lopez appeals from the district court's judgment and challenges the 63-month sentence imposed following her guilty-plea conviction for importation of cocaine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Lopez contends that the district court procedurally erred in a number of ways when it denied her a minor role adjustment and sentenced her to 63 months in prison. We need not determine whether there were any procedural errors because it is apparent from the record that any error was harmless. *See United States v. Leal-Vega*, 680 F.3d 1160, 1170 (9th Cir. 2012) (recognizing that harmless error review applies when the court errs in the Guidelines calculation). The district court imposed a two-level variance primarily because it had not granted Lopez a minor role adjustment, and it imposed a sentence that is within the Sentencing Guidelines range that would have resulted had the court granted a minor role adjustment. Moreover, the record leaves no doubt that the district court would not have imposed a lower sentence absent the asserted procedural errors.

Lopez also contends that the 63-month sentence is substantively unreasonable. The sentence is not substantively unreasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, including the need to avoid unwarranted sentencing disparities and provide deterrence, the large quantity of cocaine involved in the offense, the fact that Lopez was the one who was bringing the drugs into the United States, and Lopez's actions in supplying the car for the offense and bringing her minor children with her during the offense. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED**.